# United States Court of Appeals
# for the Fifth Circuit

─────────────

No. 22-60487
Summary Calendar

─────────────

Luis Antonio Hernandez-Murillo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

─────────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 887 044

─────────────────────────

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2023

Lyle W. Cayce
Clerk

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Luis Antonio Hernandez-Murillo, a native and citizen of Honduras, petitions for review of decisions of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) ordering him removed and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We review for

─────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Hernandez-Murillo cites neither evidence nor authority compelling a conclusion contrary to that of the BIA on the issue whether he suffered past persecution or is likely to face persecution upon repatriation. *See Zhang*, 432 F.3d at 344; *Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007); *Cabrera v. Sessions*, 890 F.3d 153, 164 (5th Cir. 2018). Because persecution is an essential element of claims for asylum or withholding, we need not consider his remaining arguments concerning these forms of relief. *See Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Insofar as he argues that the BIA erred by failing to consider his CAT claim on remand, we lack jurisdiction to consider this claim because it arises from the agency's decision but was not first presented to the agency. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1). Finally, as with his asylum and withholding claims, he cites neither evidence nor authority compelling a conclusion contrary to that of the BIA on the issue whether he more likely than not would be tortured with governmental acquiescence if repatriated. *See Zhang*, 432 F.3d at 344; *Tabora Gutierrez v. Garland*, 12 F.4th 496, 502 (5th Cir. 2021). The petition for review is DENIED in part and DISMISSED in part.